[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CT Page 9366
On January 2, 1991 plaintiff, Leslie Carothers, Commissioner of Environmental Protection (hereinafter Commissioner), filed this action against defendant First Taxing District of the City of Norwalk (hereinafter Norwalk). On April 8, 1991 plaintiff filed a revised three count complaint alleging that defendant is discharging pollutants into the waters of the state in violation of General Statutes 22a-430, 22a-427, and 22a-422. Plaintiff seeks a temporary and permanent injunction enjoining defendant's activities, reasonable costs and expenses, civil penalties, and such other relief to which plaintiff may be entitled. On April 29, 1991 defendant filed an answer and special defense claiming that plaintiff failed to exhaust administrative remedies. (On November 7, 1991, the court, Walsh, J., granted a motion to strike the defense.) On August 29, 1991 defendant filed a request to amend its answer to add a second special defense. On September 23, 1991, the court, Schaller, J., overruled the plaintiff's objection to the request to amend. The second special defense alleges that the plaintiff's action is barred by General Statutes 52-585 in that "the cause stated in the complaint did not accrue within one year next after the commission of the alleged offense." On February 20, 1992 plaintiff filed a motion to strike the second special defense on the grounds that the defense fails to allege sufficient facts and that 52-585 does not apply to the present case. Plaintiff filed a memorandum of law in support of her motion. On March 4, 1992 defendant filed an opposing memorandum of law. On June 7, 1992 and June 29, 1992 plaintiff and defendant, respectively, filed reply memoranda.
The motion to strike may be used to contest the legal sufficiency of any special defense. Practice Book 152. CT Page 9367
In support of her motion to strike plaintiff argues that the defense is legally insufficient in that the defense is factually inadequate. Plaintiff argues that the "defense fails to plead the facts necessary to establish that each day of each of the three violations, listed in three separate counts, in the complaint, is barred by the asserted statute of limitations."
Practice Book 165 provides: "Where the complaint is for more than one cause of action, set forth in several counts, each separate matter of defense should be preceded by a designation of the cause of action which it is designed to meet. . . ."
The second special defense states: "The right of action for the cause stated in the complaint did not accrue within one year next after the commission of the alleged offenses, and is therefore barred by Conn. Gen. Stat.52-585." Section 52-585 expressly applies only to suits for forfeiture upon penal statutes. Plaintiff's complaint is in three separate counts and seeks injunctive relief, civil penalties, costs, and expenses. The second special defense, in failing to state to which counts it applies, fails to comply with Practice Book 165.
Plaintiff further argues that 52-585 is not applicable to state actions for injunctive relief, civil penalties, costs and expenses in that:
 1) the 1991 amendment to 52-585 has explicitly exempted state actions from its time bar,
 2) Section 52-585 prior to 1991 did not apply to the state,
 3) the 1991 amendment exempting state actions from the time bar of 52-585
applies retroactively, and
 4) Section 52-585 is not a penal statute necessarily enforced only by the State of Connecticut.
CT Page 9368 General Statutes (Rev. to 1991) 52-585 provided: "No suit for any forfeiture upon any penal statute shall be brought but within one year next after the commission of the offense." Effective October 1, 1991, Public Act 91-312, S. 44 repealed 52-585 and substituted the following in lieu thereof:
 No suit for any forfeiture upon any penal statute shall be brought but within one year next after the commission of the offense. The provisions of this section shall not apply to any civil action brought by the state or municipality or any officer or agent thereof, to recover a forfeiture or civil penalty.
P.A. 91-312, S. 44.
General Statutes 22a-438 provides for forfeiture and penalties for violation of the Connecticut Water Pollution Control Act (CWPCA).
This court recently addressed the issue of whether52-585 applies to civil actions brought by the state and held that "the statute of limitations set forth in 52-585
does not apply to civil actions brought by the state." Commissioner of Environmental Protection v. National Can Corporation, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 36-11-09, Memorandum of Decision on Motion to Strike (September 14, 1992).
Although this court could grant the plaintiff's motion to strike defendant's second special defense on procedural grounds alone, we chose to include the substantive ground in our ruling as well.
Accordingly, the plaintiff's motion to strike defendant's second special defense is granted both on the ground that the second special defense fails to comply with Practice Book 165, and on the ground that 52-585 does not apply to civil actions brought by the state.
Hennessey, J. CT Page 9369